IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROY T. MARSHALL,

    Petitioner,                       2:00-cv-0272-GEB-JFM-P

  vs.

A. C. NEWLAND, Warden, et al.,

    Respondents.                  ORDER

_____/

        Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  On June 9, 2005, this court issued an order denying petitioner's motion pursuant to Fed. R. Civ. P. 60(b) for relief from the judgment entered in this action on March 18, 2003, denying petitioner's application for a writ of habeas corpus.  On July 22, 2005, petitioner filed a notice of appeal from the June 9, 2005 order and a motion for a  certificate of appealability pursuant to 28 U.S.C. § 2253(c).

1

1      The timely filing of a notice of appeal is a jurisdictional requirement. Scott v. Younger, 739 F.2d 1464, 1466 (9th Cir. 1984). In the instant case, judgment was entered on March 18, 2003. Petitioner did not file a notice of appeal from the judgment, nor did he file the instant Rule 60(b) motion until January 10, 2005.[1] In accordance with Fed. R. App. P. 4(a)(4)(A)(vi) and 4(a)(B)(ii), had petitioner filed his Rule 60(b) motion within ten days from entry of judgment herein, he would have had thirty days from the date of disposition of the Rule 60(b) motion to file a notice of appeal. However, petitioner's Rule 60(b) motion was not filed within that ten day period. Even if petitioner had timely filed his Rule 60(b) motion, the instant notice of appeal was filed more than thirty days after disposition of said motion.[2] Finally, petitioner has not made the showing necessary to extend or reopen the time for filing a notice of appeal from the judgment in this action. Cf. Fed. R. App. 4(a)(5),(6). Specifically, the record reflects that petitioner was reserved with, inter alia, the order denying his habeas corpus petition and the judgment thereon on April 9, 2003,

---

[1] Petitioner initially filed a Rule 60(b) motion on September 17, 2004. The motion was denied without prejudice by order filed December 21, 2004, due to petitioner's failure to serve the motion on counsel for respondents.

[2] Petitioner's notice of appeal and motion for certificate of appealability were delivered to prison officials for mailing to this court on July 14, 2005. (See Proof of Service appended to Motion for Issuance of a Certificate of Appealability, filed July 22, 2005.) The notice of appeal is therefore deemed filed on July 14, 2005. See Fed. R. Civ. P. 4(c).

2

1 and he made no further attempt to seek relief from the judgment
2 until September 2004, almost a year and a half later, well after
3 expiration of the time limits set in Fed. R. App. 4(a)(5) and (6)
4 to reopen or extend the time for filing a notice of appeal.

5     The United States Court of Appeals for the Ninth
6 Circuit has held that the issuance of a certificate of probable
7 cause cannot vest the court of appeals with jurisdiction if
8 jurisdiction is not proper in that court. <u>Hayward v. Britt</u>, 572
9 F.2d 1324, 1325 (9th Cir. 1978).  The rationale of <u>Hayward</u>
10 applies with equal force to a certificate of appealability.
11 Accordingly, petitioner's motion for a certificate of
12 appealability will be denied.

13     In accordance with the above, IT IS HEREBY ORDERED
14 that:

15     1.  Petitioner's July 22, 2005 motion for a certificate
16 of appealability is denied; and

17     2.  The Clerk of the Court is directed to process
18 petitioner's appeal to the United States Court of Appeals for the
19 Ninth Circuit.

20 Dated:  August 29, 2005

21
22          /s/ Garland E. Burrell, Jr.
             GARLAND E. BURRELL, JR.
23           United States District Judge
24
25
26